UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARIO VASSER,

    Petitioner,

v.                                        Case No. 5:09-cv-536-Oc-23TBS

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

    Respondents.
_____/

**ORDER**

Challenging the validity of his state conviction and fifteen-year sentence, Vasser petitions (Doc. 1) for the writ of habeas corpus under 28 U.S.C. § 2254.[1] The respondent seeks dismissal with prejudice (Doc. 6) under the one-year limitation in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Vasser files no reply, and the time within which to reply is expired. (Doc. 5)

**Chronology**

On September 8, 2005, a jury found Vasser guilty of possession of a firearm by a convicted felon. Vasser pleaded no contest to, and the state court adjudicated

---

[1] An evidentiary hearing is unnecessary to disposition of the petition.

Vasser guilty of, possession of cocaine with intent to sell or deliver, grand theft of $300 or more, and resisting a law enforcement officer without violence. Subject to a three-year minimum mandatory sentence, Vasser was sentenced to fifteen years of incarceration.[2] The Florida Fifth District Court of Appeal *per curiam* affirmed the conviction and sentence on May 30, 2006. *Vasser v. State*, 929 So. 2d 1130 (Fla. 5th DCA 2006). The mandate issued on June 16, 2006.

On July 12, 2007, the state court dismissed Vasser's July 2, 2007, petition for the writ of habeas corpus. On August 23, 2007, Vasser appealed, and the appellate court directed him to show cause why the appeal should not be dismissed as untimely. On September 27, 2007, the appeal was dismissed for lack of jurisdiction.

On December 5, 2007, Vasser filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, which the state court summarily denied. On June 6, 2008, the appellate court affirmed in part, reversed in part, and remanded to allow Vasser to file claims on two grounds. *Vasser v. State*, 983 So. 2d 704 (Fla. 5th DCA 2008). The mandate issued on June 25, 2008.

On August 6, 2008, Vasser filed an amended Rule 3.850 motion, which was summarily denied on September 5, 2008, and Vasser appealed. On December 23, 2008, the Fifth District Court of Appeal *per curiam* affirmed without requiring any

---

[2] On January 5, 2006, Vasser's sentencing document was amended to reflect the proper statute for the imposition of the mandatory minimum sentence. See Doc. 8, App. A at pg. 134-35, 139, 141.

response from the state, *Vasser v. State*, 2 So. 3d 279 (Fla. 5th DCA 2008), and Vasser's motion for rehearing was denied. The mandate issued on February 25, 2009, and Vasser filed this petition on December 1, 2009.

## Timeliness

The Anti-Terrorism and Effective Death Penalty Act created the limitation applicable to a petition for the writ of habeas corpus under 28 U.S.C. § 2254. Section 2244(d)(1)(A) states, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." Additionally, Section 2244(d)(2) states, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted above, Vasser's conviction and sentence were affirmed on May 30, 2006. Adding an additional ninety days for the filing of a petition for writ of certiorari, the conviction became final on August 28, 2006.[3] Accordingly, absent collateral state court activity that tolls the limitation, Vasser had until August 28,

---

[3] *See Clay v. United States*, 537 U.S. 522 (2003); *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002); *Jackson v. Secretary for the Dept. Of Corr.*, 292 F.3d 1347, 1348-49 (11th Cir. 2002).

2007, to file a federal habeas petition. On July 2, 2007, the day Vasser submitted his state habeas petition for mailing, 308 days of the one-year limitation had expired. On September 27, 2007, the day Vasser's appeal was dismissed, fifty-seven days remained within which to timely file a federal habeas petition. Vasser submits the instant petition on December 1, 2009, more than two years later.

By December 5, 2007, when Vasser filed his Rule 3.850 motion, the time within which to file a federal habeas petition had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state collateral pleading that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled."). Therefore, Vasser's petition is untimely, and Vasser shows no entitlement to equitable tolling.

## Conclusion

Vasser's petition is time-barred and is **DISMISSED WITH PREJUDICE**. The Clerk is directed (a) to enter judgment denying the petition and dismissing this case with prejudice, (b) to terminate any pending motion, and (c) to close the case.

ORDERED in Tampa, Florida, on July 11, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE